IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| WCSD Inc. dba West Coast Sourdough<br>100 Pine Street<br>San Francisco, CA 94111<br><br>v.<br><br>WESTCOASTSOURDOUGH.COM, a domain name subject to domain name authorities located in this judicial district<br><br>and<br><br>JOHN DOES 1 through 5, inclusive | Case No. 1:20-cv-629 |

### *IN REM* COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, WCSD Inc. dba West Coast Sourdough ("WCSD") through undersigned counsel, files this suit against the domain name WestCoastSourdough.com, which is a domain name subject to a domain name authority located in this judicial district, and against several other unknown persons, and states as follows:

**Nature of the Action**

1. This action arises under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 USC 1125 et seq. The Defendant domain name, WestCoastSourdough.com, which was previously owned by Plaintiff, was unlawfully stolen or converted from the Plaintiff and is now being used in violation of the Plaintiff's common law trademark rights.

2. Plaintiff seeks a declaratory judgment that Plaintiff is the proper owner of the domain name. Plaintiff also seeks injunctive relief ordering the transfer of the domain name back to Plaintiff's control.

1

**Parties**

3. Plaintiff WCSD Inc. is a corporation with an address of 100 Pine Street, San Francisco, CA 94111.

4. Defendants include a domain name registered pursuant to rules promulgated by a domain name authority in this judicial district, as well as numerous unknown individuals and/or corporate entities. The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants herein designated as Does are unknown to Plaintiff at this time who therefore sue said Defendants by fictitious names.

5. Defendants herein designated as Does negligently, willfully, contractually, or otherwise are legally responsible for the events and happenings referred to herein and proximately caused damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been ascertained and will further seek to leave to join said Defendants in these proceedings.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Does were agents, servants, employees, partners, distributors or joint venturers of each other and that in doing the acts herein alleged, were acting within the course and scope of said agency, employment, partnership, or joint venture, and that each ratified the conduct of every other Defendant Doe as an agent, servant, employee or joint venture.

7. Plaintiff believes each Defendant named as a Doe was responsible for contributing to Plaintiff's damages as set forth herein.

8. That Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the Defendants herein designated as Doe are in some manner responsible for the occurrences and damages sustained as alleged herein.

## Jurisdiction and Venue

9. The Court has original subject matter jurisdiction pursuant to 28 USC 1331 and the Lanham Act, codified as 15 USC 1125(d).

10. This Court has personal jurisdiction in this matter because the domain names are "in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located." 15 USC 1125(d)(2)(A).

11. VeriSign, Inc., located within this judicial district, is the registry for the .COM top level domain names.

12. Plaintiff has properly filed this *in rem* action because Plaintiff's due diligence did not identify "a person who would have been a defendant" in this matter. 15 USC 1125(d)(2)(A)(ii).

13. On information and belief, the contact information found on the WHOIS records for the domains at issue is fraudulent.

14. Moreover, the contact information found on the WHOIS records for the domains at issue is protected by way of a "privacy" service, which hides the true identity of the owner.

15. Venue is proper in this Court because "a substantial part of property that is the subject of the action is situated," namely, the subject domain name, is in this judicial district pursuant to 28 USC 1391(b) and 15 USC 1125(d)(2)(A).

## Notice of Suit to Registry and Registrar

16. Plaintiff has notified, or is in process of notifying the domain name registries and the domain name registrar of this action, by providing "written notification of a filed, stamped copy of a complaint filed by the owner of a mark in a United States district court" pursuant to 15 USC 1125(d)(2)(D)(i).

17. The registries and registrar are all on notice that "the domain name registrar, domain name registry, or other domain name authority shall— (I) expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court; and (II) not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court." 15 USC 1125(d)(2)(D)(ii).

## BACKGROUND

1. Plaintiff is in the restaurant and café services business. This prompted Plaintiff's decision to register and maintain its online presence at WestCoastSourdough.com (the "Domain").

2. Plaintiff has been in business since March 2020 under the trade name "West Coast Sourdough."

3. The Domain was registered for and on behalf of Plaintiff on or about January 7, 2020.

4. In or around February 2020, immediately preceding the Domain going live online, Plaintiff contracted with Mr. James Terry and Sacramento Connected for social media marketing and Domain website design and development services.

5. On or about February 20, 2020, Mr. Terry and Sacramento Connected wrongfully and fraudulently induced Plaintiff to authorize Sacramento Connected to turn over control of the Domain.

6. At all relevant times, Mr. Terry and Sacramento Connected have in fact and constructively refused to transfer control of the seized Domain to Plaintiff.

7. On more than one occasion, Mr. Terry and Sacramento Connected have expressly acknowledged that they do not possess any ownership rights, whatsoever, in the seized Domain.

8. On or about March 23, 2020, Plaintiff filed an actual use application for trademark protection of the mark "West Coast Sourdough" (Serial No. 88844808) with the U.S. Patent and Trade Mark Office (the "Application"). The Domain is referenced in the Application, along with a first use anywhere date at least as early as February 15, 2020 and a first use in commerce date as early as March 9, 2020.

9. On or about May 14, 2020, Mr. Terry represented that he had been offered work by a direct competitor of Plaintiff's.

10. On or about May 17, 2020, Mr. Terry and Sacramento Connected willfully, maliciously and in bad faith deactivated the Domain, severely damaging Plaintiff's business interests and goodwill.

11. Upon information and belief, the Domain was available on the Internet for approximately nine (9) weeks, enabling Plaintiff to market its products and services, interact with clients, and otherwise serve as an online brand for its business.

12. Prior to the theft and subsequent wrongful transfer of the Domain, Plaintiff continuously operated the WestCoastSourdough.com Domain name. The Domain was only taken offline when it was seized and transferred to an unknown third party.

13. As a result of the willful, malicious and bad faith actions of Mr. Terry, Sacramento Connected and the Doe Defendants, Plaintiff has been relegated to using the domain WestCoastSourdough.net (the ".Net Domain") in order to continue to market its products and services. That domain name is also owned by Plaintiff and is actively available on the Internet at this time. *See* Exhibit #1.

14. Upon information and belief, Mr. Terry and Sacramento Connected willfully, maliciously, in bad faith, for monetary gain and without Plaintiff's permission, transferred

control of the Domain to one or more Doe Defendants, who, upon information and belief, is/are direct competitors of Plaintiff. The true identities of the transferees of the Domain is presently unknown but will be pursued in discovery.

15. Plaintiff has consistently advertised bona-fide services on the Domain and/or the .Net Domain since March of 2020.

16. The Domain, word mark and logo has also been used and advertised in relation to Plaintiff on Facebook, in or around late March/early April 2020. *See* Exhibit #2.

17. Plaintiff's continuous use of the West Coast Sourdough logo is evidenced, in part, by to-go menu orders placed in or around April 2020.

18. Recent invoices with vendors of Plaintiff further illustrate use of the West Coast Sourdough word mark and logo, as well as third parties' recognition of the word mark and logo as being owned and operated by Plaintiff.

19. Among other things, Plaintiff has made investments in printing services, office space, logo design, and others. All of these investments were in the interest of growing and promoting the "West Coast Sourdough" brand and demonstrating Plaintiff's common-law rights.

20. Plaintiff's use of the Domain in commerce is also evidenced by contracts with food service providers and distributors, including one such agreement with Sysco, a major food distributor.

21. Plaintiff has also routinely used the Domain and/or word mark/logo for substantive communications with actual, current and/or prospective suppliers, customer, prospects, vendors, designers, lessors and/or other contacts known to Plaintiff.

## CAUSES OF ACTION

### First Cause of Action: Anti-Cybersquatting Consumer Protection Act

22. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

23. Plaintiff's common law trademarks have achieved the requisite secondary meaning in the relevant marketplace.

24. Mr. Terry and Sacramento Connected, and/or the unknown Does acquired the Domain name with the bad faith intent to profit or otherwise trade on Plaintiff's rights in its name.

25. Plaintiff's common law trademark rights arise due to consistent use in the marketplace, third-party recognition and overall market recognition. Plaintiff's trademarks in the domain names are accordingly protectable under 15 USC 1125(d).

### Second Cause of Action: Tortious Interference with Contractual Relationship

26. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

27. Plaintiff entered contracts with third party domain name registrars to control the Domain at issue in this matter.

28. Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves, knew of these contractual relationships.

29. Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves' actions have resulted in the Domain name being transferred away from Plaintiff's control and interfering with the Plaintiff's rights under its contracts with the applicable domain name registrars.

### Third Cause of Action: Common Law Conversion

30. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

31. Plaintiff has property rights in the Domain at issue based on its prior ownership.

32. Mr. Terry and Sacramento Connected, or the unknown Doe thieves, have taken control of the Domain and are wrongfully exercising control and authority over the subject Domain.

33. The control and authority exercised by Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves deprive Plaintiff of its property rights in the Domain.

**Fourth Cause of Action: Virginia Computer Fraud**

34. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

35. Va. Code Ann. § 18.2-152.3 provides that "Any person who uses a computer or computer network, without authority and…obtains property or services by false pretenses…is guilty of the crime of computer fraud."

36. Va. Code Ann. § 18.2-152.12 provides that "Any person whose property or person is injured by reason of violation of any provision of this article…regardless of whether such act is committed with malicious intent may sue therefor and recover for any damages sustained and the costs of suit."[1]

37. Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves used Plaintiff's domain name registrar accounts and other computer networks without authority or exceeded authorized access.

38. Through this use, Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves obtained the Domain by false pretenses, namely, falsely representing to the internet service providers that Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves were authorized users of Plaintiff's accounts.

---

[1] "Finding nothing in the statute to suggest that consequential damages are not available under section 18.2-152.12, we agree that it was error to dismiss the VCCA claim solely on this basis. . . We conclude that the evidence of consequential damages presented by iParadigms [Defendant] came within the 'any damages' language of the VCCA, and therefore that the district court erroneously granted summary judgment because there was no evidence of 'actual or economic damages.'" *A.V. v. iParadigms, LLC*, 562 F.3d 630, 647 (4th Cir. 2009).

39. Moreover, Plaintiff incurred substantial damages and costs through and in responding to Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves' offenses.

### Fifth Cause of Action: Declaratory Judgment

40. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

41. Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves' actions have resulted in the Domain being transferred away from Plaintiff's control.

42. Plaintiff requests, pursuant to 28 USC 2201, a declaration of the rights of the Plaintiff to the domain names at issue in this matter.

### Prayer for Relief

Plaintiff seeks relief as follows:

1. Transfer of the Domain WestCoastSourdough.com to Plaintiff, pursuant to 15 USC 1125(d)(1)(C).

2. A declaration that Plaintiff is the proper owner of the Domain at issue in this matter.

3. An award for damages, in an amount not less than $100,000, in an amount to be proven at trial, against Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves, jointly and severally.

4. An award of all economic, statutory, monetary, actual, consequential, and compensatory damages caused by Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves' conduct, jointly and severally, and if the conduct is proven willful, award Plaintiff exemplary damages;

5. Disgorgement or restitution by Mr. Terry and Sacramento Connected, and the unknown Doe thieves of all revenue earned from the fraudulent and unlawful practices described herein;

6. An award of punitive damages, in an amount to be proven at trial;

7. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff, including an order prohibiting Mr. Terry and Sacramento Connected, and/or the unknown Doe thieves from engaging in the wrongful and unlawful acts described herein;

8. An award to Plaintiff of reasonable litigation expenses and attorneys' fees;

9. An award to Plaintiff of pre-judgment and post-judgment interest, to the extent allowable; and

10. Such further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury with respect to each claim in this Amended Complaint.

Respectfully submitted,

| | |
|---|---|
| /s/ Eric J. Menhart | /s/Richard B. Newman |
| Eric J. Menhart, Esq. | Richard B. Newman, Esq. |
| Lexero Law | (*Pro Hac Vice* Pending) |
| 512 C St NE | Hinch Newman LLP |
| Washington, D.C. 20002 | 600 W. Broadway, #700 |
| Tel.: 855.453.9376 Ext. 101 | San Diego, CA 92101 |
| Fax: 855.453.9376 | Tel.: 619.233.5200 |
| Eric.Menhart@Lexero.com | Fax: 866.449.4897 |
| | RNewman@HinchNewman.com |

*Attorneys for Plaintiff*